THE STATE (ERKURIES B. DUNHAM AND OTHERS, PROSE-
CUTORS,) v. RUNE S. RUNYON AND OTHERS.

Surveyors of the highways are bound, in laying out a road, to assess the
damages of all landholders whose lands are taken that are not applicants; if
they do not their return is void, and it is no sufficient reason for the omis-
sion that the land owner made no claim.

On *certiorari* to Middlesex pleas.

In the branch court, before ELMER and POTTS, justices.
*Speer*, for the prosecutor.

ELMER, J. In this case six surveyors of the highways of the
county of Middlesex, by their return, dated December 2, 1852,
vacated part of a certain road in the township of Piscataway,
and laid out another road in lieu of that vacated. Accompany-
ing their return, the surveyors made a certificate that they had
"assessed the lands through which the aforesaid road passes."
Upon inspecting the certificate, it appears that certain of the
owners of the land are stated to be applicants, and opposite to
the name of the other owners is written "no claim;" but no
sum is assessed for the damages sustained by any of the said
owners, nor is it found that they have sustained none.

The applicants for the road were not by law entitled to any
damages. But it does not follow that other owners were not
entitled to damages because they made no claim. The law
makes it the duty of the surveyors to assess the damages,
whether the owner appear and claim them or not. In the case
of *The State* v. *Garretson and others*, (3 *Zab.* 388) it was held
that if the surveyors omit to assess the damages of the land-
holders the return is wholly void. The return of the surveyors
in this case, vacating the one road, and laying out the other,
must therefore be set aside.

POTTS, J., concurred.